CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RUSSELL BRIDGEFORTH, | : | Civil No. 09-1069 (FLW) |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| ELTEZER RAMOS, et al., | : | |
| Defendants. | : | |

It appearing that:

1. On March 9, 2009, 2009, Plaintiff, a prisoner confined at Mercer County Detention Center, submitted to the Clerk for filing a civil Complaint and an affidavit in support of his application to proceed in forma pauperis.

2. The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915.  See Local Civil R. 5.1(f).

3. The filing fee for a civil complaint is $350.00.  See  28 U.S.C. § 1914(a).

4. When a prisoner seeks permission to file a civil complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to submit an affidavit that includes a statement of all assets and that the person is unable to pay such fees or give security therefor, together with a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined.  See 28 U.S.C. § 1915(a)(2).

5. The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b).

6. In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

7. The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

8. The above-named Plaintiff is a prisoner. His application to proceed in forma pauperis is incomplete because he did not submit to the Clerk a certified copy of the trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined, as required by 28 U.S.C. § 1915(a)(2).

IT IS THEREFORE on this  30th  day of  March , 2009,

ORDERED that Plaintiff's application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE to re-applying; and it is further

ORDERED that the Clerk shall administratively terminate this action; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if this case is reopened pursuant to this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely.  See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Plaintiff may have the above entitled case reopened if, within 30 days of the date of the entry of this Order, Plaintiff either pre-pays the $350.00 filing fee **or** submits to the Clerk an affidavit of poverty and a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined, as required by 28 U.S.C. § 1915(a) (or an explanation as to why he is unable to obtain said account statement); and it is finally

ORDERED that, if Plaintiff prepays the $350.00 filing fee or files the required documents within 30 days of the date of the entry of this Order, then the Court will enter an order reopening the file in order to screen the Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

  s/Freda L. Wolfson
  **FREDA L. WOLFSON, U.S.D.J.**

3